UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                    PLAINTIFF


v.                                              CRIMINAL NO. 3:23-CR-34-RGJ


PAUL YAGGIE                                                 DEFENDANT

### UNITED STATES' SENTENCING MEMORANDUM
### *-Electronically Filed-*

The United States of America, by counsel, respectfully submits this Sentencing Memorandum in support of its recommendation to the Court regarding the sentence of the Defendant, Paul Yaggie (Yaggie). The United States has received and reviewed the Final Presentence Investigation Report (PSR) for Yaggie. (DN 33). The United States found no substantial errors with the PSR. The United States does not plan to call any witnesses at the sentencing hearing. The United States is not seeking a non-guideline sentence.

### FACTUAL BACKGROUND – OFFENSE CONDUCT

The United States agrees with the factual background and offense conduct as set forth in the final PSR. (DN 33 – Final PSR, ¶¶ 12 – 18).

### GUIDELINE LEVEL CALCULATION

The parties' agreed to the Guideline calculation in the Plea Agreement filed in this action. (DN 28 – Filed Plea Agreement, ¶12). The plea agreement anticipated a total offense level of 8. (Id.). The USPO arrived at a different Guideline calculation. (DN 33- Final PSR, ¶¶ 22-42). Yaggie's Total Offense Level is 10. (Id.). The United States has no objection to this calculation but based on its plea agreement calculation will recommend a total offense level of 8.

## CRIMINAL HISTORY

The United States agrees with the criminal history calculation prepared by the USPO of a Criminal History Category I. (DN 33, ¶ 51).

## STATUTORY FACTORS – MINIMUM AND MAXIMUM PENALTIES

Defendant Yaggie plead guilty to Counts 1 and 2 of the Information filed in this action. (DN 14). Specifically, the Information charged Defendant Yaggie in Count 1 – Obtain a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge and Count 2- Health Care Fraud.   As a result of Yaggie's plea, there is a statutorily mandated maximum term of 14 years. The maximum potential fine is $500,000.00.   The applicable term of Supervised Release is not more than three (3) years for each count. There is no minimum term.

## SENTENCING FACTORS

As noted above, the Guideline Offense Level is 8, and Yaggie has a Criminal History Category of I, which produces a sentencing range of 0-6 months. This Court must impose a sentence for Yaggie which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a). That section directs courts to consider the following:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training,

medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines.

…

(5) any pertinent policy statement—

…

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

There are several factors which this Court can consider which weigh in favor of the proposed sentence in this case. Yaggie has no criminal history.   Yaggie accepted responsibility for his conduct in this matter.   Yaggie agreed in the plea agreement to not reapply for his DEA number until after discharge from supervised release.   Yaggie also has spent approximately 2.5 years in substance abuse treatment during the pendency of this case.   That was not necessary in this case. These are some of the factors this Court can consider in fixing his sentence.

CONCLUSION

Based on the aforementioned, the United States will request the Court to impose a sentence consistent with the Plea Agreement in this case. The United States proposes that a sentence at the low end of the Guideline range is appropriate, and is sufficient, but not greater than necessary to adequately address the interest of justice in this case in accordance with 18 U.S.C. § 3553(a). The United States also proposes that any sentence be followed by a term of supervised release of not

more than three (3) years.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney

*/s/ Joseph R. Ansari*
Joseph R. Ansari
Assistant United States Attorney
717 West Broadway
Louisville, Kentucky 40202
(502) 582-5911

## CERTIFICATE OF SERVICE

On October 13, 2023, I electronically filed this document through the ECF system, which will send a notice of electronic filing to opposing counsel.

*/s/ Joseph R. Ansari*
Joseph R. Ansari
Assistant United States Attorney