**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**(Filed Electronically)**

**CRIMINAL ACTION NO. 3:23CR-34-RGJ**
**UNITED STATES OF AMERICA,**                                          **PLAINTIFF,**

**vs.**

**PAUL YAGGIE,**                                                                        **DEFENDANT.**

**DEFENDANT'S SENTENCING MEMORANDUM**

The Defendant, Paul Yaggie, pleaded guilty to prescribing a controlled substance subsequent to his dental license suspension. The resulting two count conviction is for obtaining a controlled substance by fraud, misrepresentation or forgery, and health care fraud. He is awaiting sentencing by this Court on October 24, 2023.

**Background**

Mr. Yaggie has battled mental illness in the form of bipolar disorder and depression for most of his adult life. Nevertheless, he was able to graduate from high school and college with honors, and receive a doctorate in dental medicine. Unfortunately, as is often the case, his mental health disorders led to self medication, and resulted in an addiction to various controlled substances. After serving in the Air Force, he continued his dental work, practicing as a dentist for about 21 years, fighting the demons of substance abuse and mental health the entire time. In Dr. Yaggie's case, the temptation to abuse these drugs was

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

compounded by the fact that he could easily access them since he was a licensed dentist. After nearly twenty years of practice, his addictions and mental health spiraled dramatically downward. The resulting lapses in patient care caused the Kentucky Board of Dentistry to suspend his dental license, his livelihood, in September of 2020. Not surprisingly, the abrupt suspension of his license did not magically cause his addictions and mental health disorders to immediately go into remission. His failure to discontinue the prescribing of medications form the basis of his conviction.

## The Pre Sentence Report

**A.      Objections to the PSR.**

The defense objects to the two level enhancement of the offense level under USSG §3D1.4. See, PSR ¶¶23, 36, and 38. The two counts of this indictment should be grouped under USSG §3D1.2. Both counts involve conduct which occurred on December 4, 2020. Mr. Yaggie, whose license to practice dentistry had been suspended, nevertheless prescribed a controlled substance to D.B. D.B. filled the prescription at a pharmacy, and obtained the oxycodone. Medicaid paid a small amount of reimbursement to the pharmacy. The two counts are clearly the same act (and course of conduct). As to the "victim", in drug offenses, society at large (or societal interests) is the "victim". See USSG §3D1.2, Application Note 2. The small amount of monetary damages to Medicaid, as a governmental operation, is likewise damage to society at large, as all citizen/taxpayers share in its support.

Common sense dictates that this conduct alleged in the two counts, as well as the relevant conduct detailed in the PSR are all part of a common illegal objective and common

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

2

scheme and plan. If this is not clear, Application Note 2 further indicates that"(a)mbiguities should be resolved in accordance with the purpose of this section as stated in the lead paragraph, i.e. to identify and group 'counts involving substantially the same harm'." At the time of the plea, both the Government and defense, when calculating how the guidelines should apply as it relates to grouping, both agreed the counts should group. See, DN 28, *Plea Agreement*, ¶12.

Regarding paragraphs 17, and 43-46, titled "Offense Behavior Not Part of Relevant Conduct", the defense requests that this be deleted. This is not, as indicated by the caption, conduct that is relevant to the punishment to be given by this Court. It is conduct that has been considered by the Kentucky Board of Dentistry when it severely sanctioned Dr. Yaggie, stripping of his license to practice. Undoubtably, it will also continue to be considered by that agency when it makes decisions of when, if ever, to allow him to practice and if so, what restrictions and safeguards will apply. Other sections of the PSR are more than sufficient in providing the Court background to show that the suspension of Dr. Yaggie's license was made after full consideration of the facts. His crime before this Court is his continued writing of prescriptions after his suspension.

## B.    Statutory Sentencing Range.

The statutory sentencing range for count one is 0-4 years imprisonment and 0-10 years imprisonment for count two.

## C.    Advisory Guideline Range

The PSR calculates a recommended sentencing range of 6-12 months, based on a total

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

3

offense level of 10, and a criminal history category of I.

Based on the arguments above, the defense believes that the guideline calculations proposed in the plea agreement, 0-6 months, based on a total offense level of 8, and a criminal history category of I, is correct.

**D.    Requested sentence**

After consideration of all of the factors listed in 18 U.S.C. §3553(a), a sentence of probation, combined with any and all conditions which the Court deems necessary and appropriate, is the fair and just sentence in this case.

In addition to the reasoning above regarding the guideline calculations, the defense requests the Court consider that the sentencing guidelines are being amended, effective November 1, 2023. This is eight days after the scheduled sentencing in this case. Under USSG §4C1.1, effective next week, there will be a two level decrease in the offense level for "zero-point" offenders who meet certain criteria. Mr. Yaggie has zero criminal history points (See, PSR ¶51) and appears to meet the additional criteria set forth in the amended USSG §4C1.1.[1] Therefore, a variance of two levels is appropriate and fair given the circumstances of this case. Short of that, the defense would ask the Court to continue the sentencing to a time when the amended guidelines are in effect.

Paragraphs 8-11 of the PSR describe behavior which is characterized as instances which indicate the defendant has not been in compliance with this Court's conditions of release. That is not an incorrect characterization, but it is misleading. Mr. Yaggie embarked

---

[1] See Attachment A

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

on what is now a two and a half year journey of rehabilitation and treatment. He has had a couple of setbacks/relapses. However, when evaluating the typical course of recovery for addicts, it is certainly not uncommon, and in fact is probably the norm, that recovery from addictions can require multiple attempts[2]. Relapses are an unfortunate reality, especially when there is a mental health component involved. In Mr. Yaggie's case, he has been in treatment for two and a half years, nonstop. He completed the in patient recovery program at Addiction Recovery Center (ARC) in December of 2021, after nine months of in patient treatment. He continued to live and work at the center as a counselor after his graduation in December, 2021. He relapsed in October, 2022, and was required to step back from his counselor position to receive additional treatment. His second relapse occurred in May of this year just prior to his Court appearance. That resulted in his brief incarceration, and led to his placement at Isaiah House, another addiction recovery facitlity. He continues to be in treatment with Isaiah House, without relapses during his five months there. In essence, Mr. Yaggie has effectively been on probation for about two and a half years since the inception of this case. While not perfect, he has made considerable progress, and made great effort to address his addictions and mental health issues. He knows there is not a "cure" for these issues, but has made every effort to keep them in remission.

Mr. Yaggie has also agreed to a condition of probation which will prohibit his attempt to practice of dentistry during the probationary period. Even after this period, Mr. Yaggie's

---

[2] See www.ncbi.nim.nif.gov  "How Many Recovery Attempts Does it Take to Successfully Resolve an Alcohol or Drug Problem? Estimates and Correlates From a National Study of Recovering U.S. Adults."

OFFICE OF THE
FEDERAL DEFENDER
200 THEATRE BUILDING
629 FOURTH AVENUE
LOUISVILLE, KY 40202

TEL (502) 584-0525
FAX (502) 584-2808

ability to obtain a dental license will be overseen by the Ky. Board of Dentistry.  This board will surely restrict this license unless and until Mr. Yaggie shows marked improvement, and meets rigorous safeguards.  It would seem very unlikely that he would be in the position to be able to commit this type of crime in the future.

Wherefore, the defense asks the Court to sentence Mr. Yaggie to a sentence of probation, along with appropriate conditions to include  counseling and drug testing among other things.   Such a sentence is sufficient, but not more than necessary to comply with the considerations the Court must evaluate under 18 U.S.C. §3553(a).

/s/ Donald J. Meier

Assistant Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, Kentucky 40202
(502) 584-0525

Counsel for Defendant.

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

6

## CERTIFICATE

I hereby certify that on October 16, 2023, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the attorneys of record.

/s/ Donald J. Meier

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808